Martin, J.
delivered the opinion of the Court.
The principles involved in this case, are few, and I had supposed them so fully settled, that no new question, as to the principles themselves, or their ap-. plication, could arise.
The plaintiff and his ancestor have been in possession of the tract of land, of which that now in dispute forms a part, for upwards of forty years, with a title, admitted to be paramount to the defendants’: But the defendants have been in possession, as they allege under color of title, some twenty years or more. On *137 examination, it is clear, that their grantor sold them land to which he had no title. It is, nevertheless, covered by their conveyance, and by the plat by which they bought, and the evidence certainly establishes possession in the defendants from the time their title accrued. The nature and character of that possession, will be noticed more particularly hereafter
It is difficult to conceive by what argument the position can be maintained, now contended for, that this actual possession gave the defendants a constructive possession of all within their plat; and that, therefore, their title was good, under the statute of limitations, to the whole of the land now in dispute. The undisputed rule, from the time of Lord Coke, to the present day has been that when the possession has been equal, the title shall prevail. And this case illustrates most strikingly, not only the reason, but the absolute necessity of the rule. The plaintiff has had possession as well as the defendants, and if the rule contended for, be tenable on any principle, then the plaintiff' has a right to insist on it, and claim the whole of the land, covered by his grant and plat. Both then have the same sort of possession, a Constructive possession, very equivocal at best, but sufficient to give title by our decisions under particular circumstances, when there is no adverse possession. Having the same possession, the mind would naturally be directed to the inquiry in whom is the right ? The moment that question is answered, the position insisted on by defendants’ counsel, is disposed of. The plaintiff having the right must enjoy it.
But it is equally well settled, that where two are in possession of different parts of the same tract of land, and each holding adversely, even without a written title, right may. be acquired under the statute, wherever there has been an actual posscssio pe-dis the length of time required by the statute.— But this is a right acquired by the statute exclusively.
*138 In the case now under consideration, the defendants would have had the full benefit of this rule, if they had sustained their possession by evidence satisfactory to the jury. The presiding judge presented the law to them, in entire conformity with what is here expressed, but he left it very properly to them to determine, whether the defendants had so established and designated their possession, as to enable them to define it on any given number of acres, in any given place, long enough to give them a title under the statute. The defendants had certainly been in possession of some of plaintiff’s land for more than twenty years, enlarging the quantity from year to year. But the quantity at any one time," or for any length of time, was neither delineated on the plat, nor deposed to by any of the witnesses: of some within his enclosures he had been possessed long enough to give him a title, and the locality of this, was also unascertained. It is then clear to my mind, that although the defendants wei'e entitled to a part of the land within their enclosure, the jury were unable by any evidence before them to ascertain the quantity, identify its locality, or give its metes and bounds. It is perhaps a hard case upon the defendants, if any case can be so considered, when one claims under the statute alone, but the fault or misfortune whichever it may be, is his own. He might have ■ supplied this defect in his testimony. If he had taken his witnesses to the land, and they had pointed out the boundaries of the fields he reduced to cultivation from year to year, in the presence of the surveyor, they might have been platted off, in such a way as to have established his right, if such right existed. But if a new trial should be granted in every ease, to enable a party to supply evidence always within his reach, there would be no stability in verdicts, nor any end to litigation.
But we cannot give our entire assent to the verdict. It is not questioned, that the defendant erected a Gin house on the land in dispute, and has had that in possession long enough to give him title to it..— • *139 This admits of no doubt, and yet tbe verdict deprives him of that also. This may not be worth litigating, but we can not determine that for the defendant.
It is therefore ordered that the motion for a new trial, be granted, unless the plaintiff shall release all right to the Gin House, and the land covered by it; on his doing so,

The motion is refused.

Johnson J. concurred.
Harper J. absent.